IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01957-OES

JOE W. SHULER III,

    Plaintiff,

v.

DEPT. OF CORRECTIONS, ADULT PAROLE DIV.,

    Defendant.

---

ORDER GRANTING MOTION TO RECONSIDER, VACATING THE DISMISSAL, AND
DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

This matter is before the Court on Plaintiff's *pro se* correspondence filed December 1, 2005. Mr. Shuler asks the Court to set aside the November 16, 2005, Order, that denied the instant Prisoner Complaint and dismissed the action. The Court must construe the filing liberally, because Mr. Shuler is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should

be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order filed on November 16, 2005, dismissed the Complaint and action, because the Court's October 7, 2005, Order to Cure, sent to Plaintiff at the Adams County Detention Facility, was returned to the Court marked "Return to Sender Addressee no Longer at this Address." As a result, Plaintiff failed to communicate with the Court and cure the deficiencies that were noted in the Court's October 7, 2005, Order, within the time allowed.

The instant Motion was filed on December 1, but was dated and signed by Plaintiff on November 28, 2005. Pursuant to the prisoner mailbox rule, in *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court finds that the correspondence was filed within ten days after the Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the correspondence will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

In the Motion, Plaintiff asserts that the Court misspelled his name when the October 7 Order to Cure was mailed to him. He further asserts that jail staff returned the mail due to the misspelling, even though Plaintiff continued to be held at the Adams County Jail. Therefore, due to the inadvertent incorrect spelling of Plaintiff's name in the October 7 Order, and the jail staff's reluctance to overlook the misspelling, even though Plaintiff's prisoner number was correct and the misspelled last name obviously was Plaintiff's name, the Court finds and concludes that Mr. Shuler has demonstrated a reason why the Court should reconsider and vacate its decision to dismiss this action. Therefore, the Motion to Reconsider will be granted. The November 16, 2005, Order and judgment of dismissal will be vacated. Accordingly, it is

ORDERED that Plaintiff's Motion to Reconsider, filed December 1, 2005, is granted. It is

FURTHER ORDERED that the November 16, 2005, Order and judgment of dismissal is vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to resend to Plaintiff a copy of the October 7, 2005, Order along with necessary Court forms. It is

FURTHER ORDERED that the Clerk of the Court is directed to correct the spelling of Plaintiff's name on the Docket.

DATED at Denver, Colorado, this 5 day of January, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01957-OES

Joe W. Shuler, III
Prisoner No. 7533
Adams County Det. Facility
PO Box 5001 – Unit C222
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER, a copy of the October 7 Order and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on 1/6/06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk