IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01957-MSK-PAC

JOE W. SHULER, III,

    Plaintiff,

v.

TIMITHI BOULTON, and
JEANNIE MILLER,

    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Michael J. Watanabe, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983.  Plaintiff filed his original complaint on February 10, 2006 and an Amended Complaint on May 22, 2006 (Doc. #16).  Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. §1915.  *See* March 13, 2006 Order.  Defendants filed an Answer on July 28, 2006.

A July 5, 2006 Order of Reference referred this case to the undersigned to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.

The matters before the court are Plaintiff's Application to Amend Prisoner Complaint Pursuant to 42 U.S.C. §1983 (Doc. #27), filed July 17, 2006, and plaintiff's Amended Complaint, tendered to the court on July 31, 2006 (Doc. #31).  The proposed amendments tendered on July 17, 2006 and July 31, 2006 are identical.

Under Fed.R.Civ.P. 15(a), a plaintiff may amend his pleading once as a matter of course before the defendants file a responsive pleading; thereafter, the plaintiff must seek

leave of court to file further amendments. Because plaintiff amended his complaint on May 22, 2006, he must obtain leave of court to amend again.

Plaintiff characterizes his proposed amendment as a malicious prosecution claim against his parole officer, defendant Timithi Boulton. The claim is based on events which plaintiff learned about on June 1, 2006, after he filed the earlier amendment. Plaintiff asserts that defendant Boulton "maliciously" and falsely claimed in plaintiff's Department of Corrections (DOC") file that plaintiff committed the prohibited act of escape between April 1, 2004 and June 29, 2004. Plaintiff states that he was incarcerated in the Arapahoe County jail during that period pursuant to a "parole hold" placed on him by defendant Boulton. Plaintiff alleges that he was assigned a higher security level at the DOC because of the fabricated charges and was consequently denied participation in a progressive program at another DOC facility. Plaintiff states that the DOC removed the false charges on or about July 11, 2006, and that plaintiff is now allowed to apply for the prison program from which he was excluded.

The court may deny a motion to amend if the proposed amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, under 42 U.S.C. 1915(e)(2), the court may dismiss a prisoner claim for failure to state a claim upon which relief may be granted.

State law provides the starting point for analyzing a claim for malicious prosecution under §1983. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001). The elements of a malicious prosecution claim under Colorado law are: that the defendant was a party to or assisted in a criminal or civil proceeding against the plaintiff; the proceeding was resolved in favor of plaintiff; there was no probable cause for

the proceeding; the defendant was actuated by malice in instituting the proceeding; and, that the plaintiff was damaged thereby. *See Montgomery Ward & Co. v. Pherson*, 272 P.2d 643 (1954); Restatement (Second) of Torts § 674 (1977).

Plaintiff's malicious prosecution claim fails because he does not allege that there a criminal or civil proceeding instituted against him.  Instead, plaintiff complains about a false prison disciplinary charge that was ultimately removed from his prison record and which resulted in a temporary loss of programs for plaintiff.

Because plaintiff cannot state a claim for malicious prosecution under 42 U.S.C. §1983 against defendant Boulton, it is

**RECOMMENDED** that Plaintiff's Application to Amend Prisoner Complaint Pursuant to 42 U.S.C. §1983, filed July 17, 2006, be **DENIED** as futile.  It is

**FURTHER RECOMMENDED** that the Amended Complaints tendered to the court on July 17, 2006 (Doc. #27) and July 31, 2006 (Doc. #31) be **REJECTED**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated September 26, 2006.

                                                BY THE COURT:

                                                <u>s/ Michael J. Watanabe</u>
                                                MICHAEL J. WATANABE
                                                United States Magistrate Judge