IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01957-MSK-PAC

JOE W. SHULER,

        Plaintiff,

v.

TIMITHI BOULTON, and
JEANNIE MILLER,

        Defendants.

## ORDER DECLINING TO ADOPT RECOMMENDATION, AND GRANTING MOTION TO FILE A SECOND AMENDED COMPLAINT

This matter comes before the Court on the Plaintiff's motion **(#27)** seeking leave to file an Amended Complaint. Although the Defendants filed no response in opposition to the motion, the Magistrate Judge recommended **(#34)** that the motion be denied. Having considered the motion and the recommendation, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiff, Joe W. Schuler, asserts claims pursuant to 42 U.S.C. § 1983 against the Defendants, Timithi Boulton and Jeannie Miller. In his Amended Complaint **(#16)**, Mr. Schuler asserts claims of false imprisonment and violation of his right to procedural due process. He claims that he was unlawfully held on a parole hold which was premised upon criminal charges

that were not filed. He also claims that he was denied a parole revocation hearing for 23 months.

Before the Defendants filed an Answer **(#30)** to the Amended Complaint, the Plaintiff moved **(#27)** for leave to file a Second Amended Complaint. He seeks to assert a claim against Defendant Boulton for maliciously making false statements which impacted his incarceration. The Defendants filed no response to the motion. However, the Magistrate Judge construes the claim as a futile claim for malicious prosecution and recommends **(#34)** that the motion be denied. The Plaintiff did not object to the recommendation.

### III. Issue Presented

The issue presented is whether the Plaintiff should be allowed to file a Second Amended Complaint.

### IV. Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). When no objections are filed, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Because the Plaintiff is *pro se*, the Court construes his complaints and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### V. Analysis

Pursuant to Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." The purpose of this rule "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). When amendment would be futile, the Court may refuse leave to amend. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357 (10th Cir. 1993).

Unfortunately, the identification of the claim that the Plaintiff wants to add by filing a Second Amended Complaint is not altogether clear. It might be in the nature of a claim for malicious prosecution, but it could also be in the nature of a due process claim. Giving the proposed new claim its broadest possible interpretation, and in light of the fact that the Defendants have not opposed the motion to amend, the Court rejects the recommendation of the Magistrate Judge to deny Plaintiff's Motion to Amend. The Plaintiff is entitled to frame his new claim, the sufficiency of which will be tested through the adversarial process.

**IT IS THEREFORE ORDERED** that:

(1)  The Court declines to adopt the Recommendation **(#34)** of the Magistrate Judge.

(2)  The Plaintiff's motion to file a Second Amended Complaint **(#27)** is **GRANTED**. Any Second Amended Complaint shall contain all claims the Plaintiff intends to assert, and shall be filed by April 6, 2007.

(3)  The Defendants' motion for summary judgment **(#35)** on the claims asserted in the

First Amended Complaint is **DENIED**, as moot.

Dated this 20th day of March, 2007

                                                  **BY THE COURT:**

                                                  */s/ Marcia S. Krieger*

                                                  Marcia S. Krieger
                                                  United States District Judge