IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01957-MSK-KLM

JOE W. SHULER,

      Plaintiff,

v.

TIMITHI BOULTON,

      Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

---

THIS MATTER comes before the Court on the Defendant's motion (**#55**) for summary

judgment, which the Plaintiff opposes (**#60**).  Having considered the same, the Court finds and

concludes as follows.

### I.  Jurisdiction

For purposes of determining the instant motion, the Court exercises subject matter

jurisdiction pursuant to 28 U.S.C. § 1331.

### II.  Claims in the Second Amended Complaint

The Plaintiff, Joe Shuler, asserts claims in a Second Amended Complaint against parole

officer Timithi Boulton in his individual and official capacities.  Because Mr. Shuler appears *pro*

*se*, the Court construes his Second Amended Complaint and other filings liberally.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court cannot serve as his advocate.  *See*

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In addition, Mr. Shuler is required to

comply with the Rules of Civil Procedure and other applicable rules, regardless of his *pro se*

status. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Mr. Shuler's claims arise from a "parole hold" initiated by his parole officer, Mr. Boulton. He alleges that following his arrest in late February 2004 for possession of a controlled substance, Mr. Boulton placed a "parole hold" which prevented him from posting bond and being released from jail. He alleges that Mr. Boulton then filed a parole complaint on March 3, 2004, alleging that Mr. Shuler violated § 18-18-405, C.R.S., and condition 3 of his parole. Mr. Shuler claims that his incarceration, from the date of his arrest and for a period of 60 days thereafter, violated his constitutional rights. He also alleges that condition 3 of his parole cannot be violated unless criminal charges are filed.

Mr. Shuler's claims are primarily directed at statements made by Mr. Boulton during a parole revocation hearing held on March 26, 2004. Mr. Shuler alleges that at the hearing, the Parole Board advised Mr. Boulton that no criminal charges had been filed against Mr. Shuler, nor had a parole violation been charged. Mr. Shuler alleges that Mr. Boulton responded, falsely, that "criminal charges against [Mr.] Shuler were at the district attorney's office and [Mr. Boulton] was informed the criminal charges would be filed that evening." Mr. Boulton then asked that Mr. Shuler be held in custody and that the parole revocation hearing be continued.

Mr. Shuler alleges that based upon Mr. Boulton's false representation that criminal charges were to be filed that evening, the parole revocation hearing was continued to a later date, and that he remained in custody subject to the parole hold. He then filed a petition for a writ of habeas corpus, asking to be released from custody because no criminal charges had been filed against him, and no parole violation had been charged. He claims that a hearing on his petition was held on April 17, 2004, and that Mr. Boulton testified at such hearing that at the time of the

2

March 26, 2004 hearing, Mr. Boulton knew that no criminal charges were pending against Mr. Shuler, and that no parole violation had been charged.  Mr. Shuler claims that the judge presiding over the habeas corpus matter advised Mr. Boulton that Mr. Shuler would have to be released from custody if no criminal charges were filed.  The next day, April 18, 2004, Mr. Shuler received notice of criminal charges from the district attorney's office.

Mr. Shuler alleges that Mr. Boulton made a false statement to the parole board at the March 26 hearing, and that this constituted "cruel and unusual punishment and violation of [his] right to due process under the Eighth and Fourteenth Amendments of the United States Constitution."  He also contends that Mr. Boulton's conduct amounted to "the torts of official misconduct and perjury" in violation of several Colorado criminal statutes.

From these allegations, the Court discerns four possible civil rights claims: (1) that Mr. Boulton falsely imprisoned Mr. Shuler in violation of his rights under the Fourth and Fourteenth Amendments; (2) that Mr. Boulton denied Mr. Shuler procedural due process in violation of the Fourteenth Amendment; (3) that Mr. Boulton violated Mr. Shuler's right to substantive due process under the Fourteenth Amendment; and (4) that Mr. Boulton subjected Mr. Shuler to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

### III.  Issues Presented

Mr. Boulton moves for summary judgment on Mr. Shuler's claims, and Mr. Shuler opposes the motion.  Although he has not filed a freestanding motion requesting the appointment of counsel, Mr. Shuler requests such appointment in his Second Amended Complaint and in his response to Mr. Boulton's summary judgment motion.

Therefore, the first issue presented is whether this Court should appoint counsel for Mr.

Shuler.  The second issue is whether a trial is required on any of Mr. Shuler's claims.

## IV.  Appointment of Counsel

Mr. Shuler asks for appointment of counsel to help him conduct discovery, particularly with regard to his parole revocation and habeas corpus hearings held during 2004.  He contends that he is "not well enough vested [sic] in law to present the issues along with pertinate [sic] case law" and his "legal access is severly [sic] impeded upon by the C.D.O.C. legal access program."

In considering a request for appointment of counsel in a civil case, the Court is guided by the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995): "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  It is the burden of the party requesting counsel to show that the appointment of counsel is warranted.  *See Steffey v. Orman,* 461 F.3d 1218, 1223 (10th Cir. 2006).  However, appointment of counsel is not warranted merely because it would assist a litigant in presenting his strongest possible case.  *See Rucks*, 57 F.3d at 979.  If this were sufficient basis for appointment of counsel, then counsel would need to be appointed in almost every case involving a *pro se* litigant.  *See id.*

Mr. Shuler's claims are not complex.  Indeed, as is evident from the Second Amended Complaint, his claims are premised entirely upon an allegedly false statement made by Mr. Boulton during the March 26, 2004 probation revocation hearing where Mr. Shuler was present.  He has assembled the pertinent facts, described them in his Second Amended Complaint, and referred to them in his response to the Motion for Summary Judgment.  Although no affidavit accompanied Mr. Shuler's response, for purposes of consideration of the Motion for Summary Judgment the Court treats his statements based upon his personal knowledge as true.  With regard

to the applicable law, the Court has construed his pleadings to recognize all available legal

theories.  As to those theories, the Court applies the law  regardless of whether Mr. Shuler has

identified it or not.  Therefore, at this juncture, appointment of counsel is not warranted.

## V.  Summary Judgment

### A.  Standard of Review

The matter is before the Court on a motion for summary judgment.  Rule 56 of the Federal

Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White*

*v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized

when there is no genuine dispute as to any material fact and a party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what

issues must be determined.  It also specifies the elements that must be proved for a given claim or

defense, sets the standard of proof and identifies the party with the burden of proof.  *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v.*

*Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and

summary judgment is precluded if the evidence presented in support of and opposition to the

motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See*

*Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all

evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.

*See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(e).

Once the moving party has met its burden, to avoid summary judgment the responding party must

present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See*

*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v.*

*Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material

fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.

The court then applies the law to the undisputed facts and enters judgment.

       If the moving party does not have the burden of proof at trial, it must point to an absence

of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.

If the respondent comes forward with sufficient competent evidence to establish a *prima facie*

claim or defense, a trial is required.  If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

       Here, Mr. Shuler is the party bearing the burden of proof.  Therefore, he must come

forward with sufficient competent evidence to establish a *prima facie* claim.

## B.  Material Facts

       Mr. Shuler has presented no evidence with his response to the motion for summary

judgment.  He relies upon the evidence which Mr. Boulton submitted with an earlier summary

judgment motion and the allegations of the Second Amended Complaint.  As noted earlier, the

Court construes Mr. Shuler's allegations based upon his personal knowledge as competent

evidence even though no affidavit was submitted.  As to all evidence, the Court construes it  most

favorably to Mr. Shuler.  For purposes of this motion the Court finds that:

       1.     Mr. Shuler was placed on parole during 2002.  At all times pertinent to this action,

Mr. Boulton was the parole officer assigned to supervise Mr. Shuler.

6

2.      Mr. Shuler's parole was subject to several conditions.  Condition 3 was: "Parolee shall obey all State/Federal laws and Municipal ordinances.  Parolee shall follow the directives of the Parole Officer at all times."[1]

3.      On February 25, 2004, Aurora Police informed Mr. Boulton that Mr. Shuler had been arrested for possession of a controlled substance and was being held in the Arapahoe County Jail.

4.      Mr. Boulton placed a parole hold on Mr. Shuler, which prohibited him from posting bond and being released from jail.  In doing so, Mr. Boulton relied upon §§ 17-2-103(1)(d), (1)(e) and (4)(a), C.R.S.

5.      Mr. Boulton lodged a parole complaint on February 29, 2004, seeking revocation of Mr. Shuler's parole.  The complaint alleged that Mr. Shuler failed to obey all state and federal laws and municipal ordinances, in violation of condition 3 of his parole.

6.      On March 26, 2004, Mr. Shuler appeared before the Parole Board for a hearing on Mr. Boulton's complaint.[2]  At that hearing, relying upon § 17-2-103(12), C.R.S., Mr. Boulton advised the Parole Board "of the pending filing of criminal charges" and asked to continue the revocation hearing.  The Parole Board continued the hearing to June 25, 2004, stating in its Mittimus that the reason for the continuance was "disposition of pending criminal action."

7.      Mr. Shuler believes that Mr. Boulton's advisement to the Parole Board "of the

---

[1] Mr. Shuler does not contend that he lacked notice of condition 3.

[2] Almost three weeks prior to this hearing, Mr. Boulton met with Mr. Shuler on March 5, 2004.  At that time, Mr. Shuler advised Mr. Boulton that he wished to self-revoke his parole, and Mr. Boulton gave him the proper paperwork to request this from the Colorado Parole Board.  On March 12, 2004, the Parole Board denied Mr. Shuler's request to self-revoke his parole.  Thus, a parole revocation hearing was necessary to address Mr. Boulton's complaint.

pending filing of criminal charges" was untrue, because as of the March 26 hearing, no criminal charges had been filed, the filing of criminal charges was not imminent, and criminal charges were not filed until several days later.  According to Mr. Shuler, Mr. Boulton told the Parole Board that the district attorney would be filing criminal charges on the evening of March 26.

        8.      On April 18, 2004,[3] Mr. Shuler was charged with distribution of a schedule 2 controlled substance, based upon the conduct which gave rise to his arrest on February 25, 2004.

        9.      Mr. Boulton released the parole hold on June 29, 2004.

## C. Analysis

As the Court stated *supra*, the Court construes Mr. Shuler's Second Amended Complaint to state four claims for relief against Mr. Boulton – that (1) Mr. Boulton falsely imprisoned him in violation of his rights under the Fourth and Fourteenth Amendments; (2) Mr. Boulton denied him procedural due process in violation of the Fourteenth Amendment; (3) Mr. Boulton violated his right to substantive due process under the Fourteenth Amendment; and (4) Mr. Boulton subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.  All of the claims are premised upon the allegedly false statement made by Mr. Boulton.

Before turning to Mr. Shuler's claims, the Court summarizes Colorado law with regard to parole violations.  The Court does so because Mr. Shuler's claims hinge upon whether Mr. Boulton complied with Colorado law.

There are two circumstances in which a parolee can be arrested for conduct which violates

---

[3] According to Mr. Shuler's Second Amended Complaint, criminal charges were filed on April 18, 2004.  In conjunction with the summary judgment motion, no party offered evidence of the exact date when criminal charges were filed.  Therefore, the Court assumes Mr. Shuler's allegation in this regard to be correct.

a parole condition.  First, there is the circumstance where the parole officer initiates the arrest of a

parolee.  Under §§ 17-2-103(1)(d) and (e), a parole officer may arrest a parolee when the officer

has probable cause to believe that the parolee has committed a crime, or probable cause to believe

that the parolee has violated a condition of his parole.  If the parole officer has reasonable grounds

to believe that the parolee has violated a condition of his parole, then the officer may file a

complaint to revoke parole and may issue a summons directing the parolee to appear before the

Colorado Parole Board.  § 17-2-103(3)(a), C.R.S.

Next, there is the circumstance where the arrest is made by someone other than the parole

officer for the suspected commission of a criminal offense.  If the parolee is "otherwise arrested,"

then the parolee "shall be held in a county jail . . . pending action by the parole officer pursuant to

subsection (5) of [§ 17-2-103]."  § 17-2-103(4)(a), C.R.S.  Within 10 days after a parolee is

arrested, the parole officer must complete his or her investigation and either file a complaint to

revoke parole or order the release of the parolee.  § 17-2-103(5), C.R.S.  The filing of a

complaint to revoke parole is mandatory when "the parole officer is informed by any law

enforcement agency that a parolee has been arrested for a criminal offense and is being detained in

the county jail[.]"  § 17-2-103(12), C.R.S.  When this occurs, "[t]he parole officer shall advise the

board of any pending criminal proceeding and shall request that a parole revocation proceeding be

deferred pending a disposition of the criminal charge."  *Id.*

A revocation hearing must be held within 30 days of the parolee's arrest, but the Parole

Board may, within its discretion, grant a delay for good cause.  § 17-2-103(7), C.R.S.; *see also*

*Colorado Dept. of Corrections, Parole Div. v. Madison*, 85 P.3d 542, 545 (Colo. 2004).  When

the Parole Board delays a revocation hearing for good cause, then the parolee can be detained

9

"for a reasonable time pending the revocation hearing." *Madison*, 85 P.3d at 547.[4]

**False Imprisonment**

To establish his claim of false imprisonment, Mr. Shuler must produce sufficient, competent evidence that he was unlawfully imprisoned. *See Blackman for Blackman v. Rifkin*, 759 P.2d 54, 67 (Colo. App. 1988) (defining "false imprisonment" as "an unlawful restraint upon a person's freedom of locomotion, or the right to come and go when or where one may choose"); *see also Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (Colorado tort law provides the starting point for determining the elements of a § 1983 claim for violation of the Fourth Amendment). Here, it is undisputed that Mr. Shuler was imprisoned; the dispute centers upon whether he was lawfully detained.

Mr. Shuler complains that he was unlawfully detained for a period of 60 days beginning on February 25, 2004. There are three periods of detention that are relevant to the Court's inquiry: (1) the 4-day period between Mr. Shuler's arrest and the filing of the parole revocation complaint (February 25 to 29, 2004); (2) the 26-day period between the filing of the parole revocation complaint and the first parole revocation hearing (February 29 to March 26, 2004); and (3) the 30-day period after the first parole revocation hearing (March 26 to April 25, 2004).

Initially, Mr. Shuler was arrested by Aurora Police for his alleged possession of a

---

[4] Mr. Shuler does not contend that the Parole Board is at fault for continuing the parole revocation hearing, or that the Parole Board's actions resulted in his detention for an unreasonable period of time. Neither the Parole Board, nor any of its members, are parties to this action. However, the Court notes that the Colorado statutes contemplate that the Parole Board may continue a parole revocation hearing until after the parolee is tried on an underlying criminal offense. This is because a parolee's conviction of a criminal offense can be offered as "conclusive proof" of a parole violation. § 17-2-103(9)(b), C.R.S. Absent proof of a conviction, a parole officer must prove commission of the offense to the Parole Board beyond a reasonable doubt. § 17-2-103(9)(a), C.R.S.

controlled substance.  Upon being advised of this arrest, Mr. Boulton placed a parole hold on Mr.

Shuler which prevented him from posting bond and being released from jail.  Because Mr. Shuler

was arrested for a criminal offense and being detained in the county jail, Mr. Boulton was required

by § 17-2-103(12), C.R.S. to file a complaint to revoke Mr. Shuler's parole.  Therefore, detention

of Mr. Shuler during the first period of time described above was mandated by statute.

Detention of Mr. Shuler during the second period of time was also authorized, because a

parolee can be detained for a reasonable period of time under a parole hold until the Parole Board

makes a decision with regard to a complaint to revoke parole.  *See Madison, supra.*  Because a

revocation hearing must be held within 30 days of a parolee's arrest, and the March 26 hearing

met this requirement, Mr. Shuler's detention until the March 26 hearing was reasonable.  Thus, as

to the first 30 days of his parole hold, Mr. Shuler was lawfully detained.

Thus, the Court turns to the third period of time.  Mr. Shuler's claim focuses upon an

allegedly false statement made by Mr. Boulton at the parole revocation hearing on March 26.  He

contends that Mr. Boulton falsely advised the Parole Board "of the pending filing of criminal

charges" and falsely stated that the district attorney would be filing charges on the evening of

March 26, and based thereon, asked the Parole Board to continue the revocation hearing.  Mr.

Shuler contends that the Parole Board continued the revocation hearing based upon Mr.

Boulton's representation, resulting in additional incarceration under the parole hold which

otherwise would not have occurred.  Mr. Shuler contends that Mr. Boulton's representation was

untrue, because the the filing of criminal charges was not as imminent as Mr. Boulton represented

and did not occur until several days after the hearing.

Assuming that Mr. Boulton made a false representation as to the anticipated timing of the

filing of criminal charges, such representation was immaterial, for several reasons.  First, Mr. Boulton was not the district attorney and could not make the decision as to whether, or when, to file charges.  The most he could represent was an anticipation that charges would be filed, and when he anticipated that would occur.  Even if he had no reason to believe that the district attorney would file charges that evening, it is unrefuted that he did have reason to believe that criminal charges would be filed at some juncture.  Indeed, on April 18, 2004, only a few weeks after the March 26 hearing, criminal charges based upon the February 25, 2004 conduct of Mr. Shuler were filed.

Second, under § 17-2-103(12), C.R.S., a parole officer is required to advise the Parole Board "of any pending criminal proceeding" and is required to "request that a parole revocation proceeding be deferred pending a disposition of the criminal charge."  The statute does not define "pending criminal proceeding" – arguably, it could mean either a proceeding in which criminal charges have already been filed, or it could mean that a criminal charge will be filed.  The Court does not need to resolve this issue.  Regardless of what "pending criminal proceeding" means, Mr. Boulton advised the Parole Board that criminal charges were going to be filed (not that they had been filed), and then requested deferral of the parole revocation proceeding based upon his belief that § 17-2-103(12) required him to do so.  Even if he was untruthful about when he anticipated the criminal charges would be filed, and even if he was incorrect about the applicability of § 17-2-103(12), it is undisputed that criminal charges had not been filed when Mr. Boulton made the request to continue the hearing, and that the Parole Board knew that criminal charges had not been filed but nevertheless continued the parole revocation hearing for "disposition of pending criminal action."

The exact basis of the Parole Board's decision to continue the parole revocation hearing is not in the record. The most explanation the Court has regarding the Parole Board's decision is the statement on a Parole Board Mittimus that the continuation of the hearing was for "disposition of pending criminal action." There is no evidence that the Parole Board's decision would have been any different had it known facts different than those stated by Mr. Boulton as to the timing of the filing of criminal charges, or had it known that criminal charges would not be filed for another three weeks.

Thus, even if Mr. Boulton's representation to the Parole Board was untrue, the continuance of his parole revocation hearing and detention during such continuance was lawful. Mr. Boulton is entitled to judgment as a matter of law on Mr. Shuler's false imprisonment claim.

**Procedural Due Process**

To establish his claim that he was denied procedural due process, Mr. Shuler must establish that he had a liberty interest which was taken from him without constitutionally sufficient process. *See Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972).

Here, the liberty interest at stake was Mr. Shuler's right to post bond and be released from jail. The placement of a parole hold prevented him from posting bond after he was arrested.

However, there is no evidence that Mr. Shuler was denied any process to which he was entitled. Quite to the contrary, the evidence shows that Mr. Boulton acted in accordance with his statutory obligation once he was advised by the Aurora Police that Mr. Shuler had been arrested for a controlled substance offense. He filed the complaint to revoke Mr. Shuler's parole, and Mr. Shuler was given a hearing before the Parole Board. Mr. Shuler points to no other process which he believes should have been provided to him. Thus, Mr. Boulton is entitled to judgment on Mr.

Shuler's procedural due process claim.

## Substantive Due Process

To establish his claim that he was denied substantive due process, Mr. Shuler must establish that Mr. Boulton arbitrarily deprived him of a liberty interest. *See Camuglia v. The City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006). To show arbitrary conduct, a plaintiff must do more than show intentional or reckless abuse of government power. *Id.* Rather, the plaintiff must show that the challenged action was "extreme" and would shock the conscience of federal judges. *Id.*

At most, Mr. Shuler has demonstrated that Mr. Boulton made a false representation as to his belief as to when a third person (the district attorney) would file criminal charges. There is no evidence that Mr. Boulton knew his representation to be false, that the Parole Board knew that the representation was false, nor that correct information would have changed the outcome at the Parole Board hearing. Moreover, no claim is asserted against the Parole Board. The Court cannot conclude that Mr. Boulton's action was an intentional or reckless abuse of power, nor that it resulted in a deprivation of Mr. Shuler's liberty interest. Therefore, Mr. Boulton is entitled to judgment on Mr. Shuler's substantive due process claim.

## Cruel and Unusual Punishment

Mr. Shuler has expressly alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. However, he makes no complaint about the conditions of his confinement, nor does he claim to have been physically harmed by anyone while incarcerated. Rather, the nature of his Eighth Amendment claim is that he was subjected to a parole hold without a legal justification, and this amounted to punishment. To this extent, Mr. Shuler's

Eighth Amendment claim is premised upon his other three claims, on which Mr. Boulton is entitled to judgment.  Therefore, the Court also enters judgment on this claim.

**IT IS THEREFORE ORDERED** that the Defendant's motion **(#55)** for summary judgment is **GRANTED**.  Judgment is entered in favor of Mr. Boulton on all claims. The Clerk of Court is directed to close this case.

Dated this 1st day of November, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

15